R. C. KIRKLAND v. THE STATE.

No. 5651.   Decided February 4, 1920.

1.—Assault to Murder—Aggravated Assault—Evidence—Cross-examination.

Where, upon trial of assault to murder and a conviction of aggravated assault, the State used the testimony of an eye-witness who had been before

the grand jury and his testimony therein reduced to writing, and upon cross-examination of defendant, the counsel for the State read from this written statement stating that he did so to refresh his own memory and lay a predicate to impeach the defendant, and refused to pass the writing over to the attorney of the defendant that he might have it before him in re-examining the witness, the same was reversible error, as this was an attempt to get hearsay testimony before the jury. Following: McLin v. State, 48 Texas Crim. Rep., 551, and other cases.

2.—Same—Written Testimony—Refreshing Memory—Practice in District Court.

If this written testimony was used for the purpose of refreshing the memory of the State's counsel, clearly a sense of fairness would require that it be made available to counsel for the accused. Following: Green v. State, 53 Texas Crim. Rep., 493; Besides there was no occasion for laying a predicate to impeach the defendant. Following: Christian v. State, 40 Texas Crim. Rep., 671.

Appeal from the District Court of Archer. Tried below before the Hon. Wm. N. Bonner, judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and thirty days confinement in the county jail.

The opinion states the case.

*W. E. Forgy* and *Taylor, Allen & Taylor,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Under an indictment for an assault with intent to murder, the appellant was convicted of an aggravated assault, and his punishment fixed at a fine of $500 and 30 days confinement in jail.

The appellant and the injured party both testified, giving conflicting testimony relating to the incidents immediately surrounding the transaction. The State used also an eyewitness by the name of Wilson, whose testimony given upon the trial tended to corroborate that of the injured party. This witness had been before the grand jury, and his testimony therein reduced to writing. It appears by bill of exceptions that in the cross-examination of the appellant, the State's counsel read from this written statement in the presence and hearing of the jury, stating that he was reading from the testimony of the witness Wilson, given before the grand jury upon an investigation of the offense with which the appellant was charged, and was doing so for the purpose of refreshing his, the State's attorney's memory, and to lay a predicate to impeach the appellant. Objections were addressed to this proceeding, among others that it appeared that the statement was made in the absence of the appellant, which resulted in the use of hearsay evidence against him. This and other objections urged were

overruled. Counsel requested that the writing be furnished him in order that he might have it before him in re-examining the witness. This request was refused upon the ground that the instrument had not been offered in evidence. To this, exception, was duly reserved.

At the time this proceeding took place, Wilson had not been used as a witness. His credibility had not been then, and was not subsequently, attacked, and no occasion had arisen recognized by law as sufficient to authorize the use of his prior statement to support him. The effect of the procedure was to let the jury know what Wilson had testified before the grand jury, and it was followed up by putting Wilson on the stand that he might give the same testimony. The obvious effect was to show that his statement before the grand jury coincided with his statement on the trial. While a witness in a proper case may be permitted to refresh his memory by referring to a record of his testimony on a former occasion, this privilege is not to be used as a means of getting before the jury the testimony given by him on the previous occasion, which would obviously be hearsay. Spangler v. State, 41 Texas Crim. Rep., 430; Dunn v. State, 212 S. W. Rep., 513; McLin v. State, 48 Texas Crim. Rep., 551.

The use of the former testimony of the witness by the prosecuting attorney, for the purpose as stated in this case of refreshing his memory, would be subject to the same limitations, and clearly a sense of fairness would reuire that if the statement was used by him for the purpose indicated, it should be made available to the accused in his conduct of the re-examination of the witness. This was the holding of this court in Green v. State, 53 Texas Crim. Rep., 493, wherein will be found an elaborate statement of the reasons, and the citation of authorities supporting the correctness of the ruling. On the subject it is said in the notes in 22 L. R. A., New Series:

"The propriety of allowing an adverse party to inspect for the purpose of cross-examination any memorandum used by a witness to refresh his memory upon matters as to which he is testifying, appears to be universally conceded by the courts."

There seems to have been no occasion for laying a predicate to impeach the appellant. Wilson's testimony related to the conduct and language of the accused and injured party at the time of the conflict, and immediately preceding it, all of which was admissible as original testimony against the appellant; and reading the testimony of Wilson before the grand jury to the same facts served no legal purpose, and was calculated to prejudice the appellant's case. See Christian v. State, 40 Texas Crim. Rep., 671.

The sufficiency of the evidence is assailed. In view of another trial, we will not discuss it.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*