IGNACIO PALACIO V. STATE

No. 28,464 (28,910 Consolidated). April 3, 1957.

*Reynold M. Gardner,* Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

ON APPELLANT'S SECOND MOTION TO REINSTATE APPEAL

BELCHER, Judge.

The proper appeal bond has now been filed but was filed under Cause No. 28,910, which cause is hereby consolidated with Cause No. 28,464, (page 18, this volume), 296 S.W. 2d 550. Appellant's second motion to reinstate the appeal is granted and the case will now be considered on the merits.

The testimony of Deputy Sheriff Petropolis shows that while he was riding in a car with another person they stopped, appellant got in the car, and his companion asked appellant if he could get "that marihuana;" that after travelling a short

distance they stopped again, the companion gave appellant a twenty-dollar bill, and he went into a house and soon returned with a can which he delivered to Petropolis' companion, and that they then drove to the courthouse. A search of the appellant at the courthouse disclosed the same twenty-dollar bill given him shortly before and two cigarettes in his watch pocket.

Proof was offered showing that the can and the cigarettes contained marihuana.

Appellant did not testify, but called two witnesses who testified that they observed the appellant a short time before he was arrested for the offense charged in this case and expressed the opinion that he was then intoxicated.

Appellant insists that the trial court erred in refusing his request to see the notes made by Deputy Sheriff Petropolis on the night of the commission of the alleged offense, which he was using to refresh his memory while testifying on cross-examination, so that he could use the notes to cross-examine him about the things he had testified to from the notes.

The proof shows that the date of the offense here charged was November 6, 1954, and the trial for such offense was had on December 6, 1955, thirteen months after it was alleged to have been committed.

The record shows that Deputy Sheriff Petropolis was testifying from his notes made on the night of the commission of the offense charged and that he was then using the notes to refresh his memory.

McCormick and Ray, Texas Law of Evidence, 2nd Ed., 449, Sec. 553, reads in part:

"The writing which is used to refresh the recollection of the witness must on demand be shown to the opponent for his inspection and use on cross-examination so that he may have an opportunity to test the credibility of the witness and see if it could properly or does refresh his recollection."

44 Texas Jur. 1140, Sec. 144, states the rule as follows:

"The adverse party is entitled to have memoranda or other documents used to refresh the memory of a witness, or from which the witness testifies without any independent recollection

of the facts, submitted to him to be used for the purpose of cross-examination."

See also 42 Texas Jur. 57, Sec. 38; Branch's Ann. P.C., 2nd Ed., 189, Sec. 182; Green v. State, 53 Texas Cr. R. 490, 110 S.W. 920, 22 L.R.A. (N.S.) 706; Kirkland v. State, 86 Texas Cr. Rep. 595, 218 S.W. 367; Winters v. Winters, 282 S.W. 2d 749; Texas Dig., Witnesses, Key No. 256.

The refusal of the court to allow the appellant to inspect and use the witness Petropolis' notes for the purpose of cross-examining him under the facts here presented constitutes reversible error.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.