**Jean Porter BAILEY, Appellant,**

v.

**T.he STATE of Texas, Appellee.**

**No. 35378.**

Court of Criminal Appeals of Texas.

Feb. 27, 1963.

Irwin & Irwin, T. K. Irwin, Jr., George W. Irwin and R. T. Scales, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, George Milner, Bill Watts, James Miller, Steve Guittard and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for murder with malice; the punishment, six years' confinement in the penitentiary.

In view of our disposition of the case, a recitation of the facts is unnecessary other than to observe that it was undisputed that appellant killed the deceased by shooting him with a pistol.

Appellant and the deceased were husband and wife, but on the day of the killing were separated and not living together. The homicide occurred on an occasion when the deceased returned to the home and engaged appellant in a conversation relative to his taking custody of their fourteen-year-old son. Appellant was the only surviving eyewitness to the killing. When Officer Duncan arrived upon the scene shortly after the shooting, appellant was still at the home and the deceased was found lying on the floor in the kitchen, with four bullet holes in his body.

Appellant's defense at the trial was that of self-defense, which became a sharply contested issue in the case.

It was the state's theory, which was supported by the testimony of Dr. P. O. B. Montgomery, Jr., who performed an autopsy upon deceased's body, that the first shot fired by appellant struck the deceased in the back.

Testifying as a witness in her own behalf, appellant admitted shooting the deceased but contended that she was acting in her own necessary self-defense. She testified to previous threats and acts of violence committed upon her by the deceased and stated that when she shot the deceased he was coming toward her in a rage and that she was in fear of death or serious bodily injury. She further stated that the first shot was fired when the deceased was looking toward her and that it struck him in front.

While Officer Duncan was testifying on direct examination, state's counsel exhibited to him a certain instrument marked for identification as state's exhibit #1, which the officer testified was a photograph of the person (deceased) whom he saw lying on the kitchen floor when he arrived upon the

scene of the killing. The exhibit was not introduced in evidence and after counsel had concluded his direct examination of the officer, counsel for appellant requested the court that they be allowed to see the photograph for the purpose of identification and further cross-examination of the witness. Such request was by the court refused.

■ In refusing appellant's request, the court clearly fell into error. When the exhibit was used by state's counsel before the jury in questioning the officer, its contents became an issue in the case. Under the decisions of this court it is held to be reversible error to deny the demand of an accused for the production of any statement or document which had been used in some way before the jury by which its contents became an issue—such as being used by a witness to refresh his memory, or exhibited, read from, or used to question the witness in the jury's presence. Green v. State, 53 Tex.Cr.R. 490, 110 S.W. 920, 22 L.R.A., N.S., 706; Kirkland v. State, 86 Tex.Cr.R. 595, 218 S.W. 367; Board v. State, 122 Tex. Cr.R. 487, 56 S.W.2d 464; Jackson v. State, 166 Tex.Cr.R. 348, 314 S.W.2d 97; Palacio v. State, 164 Tex.Cr.R. 460, 301 S.W.2d 166; and Gaskin v. State, Tex.Cr.App., 353 S.W.2d 467.

■ We are unable to agree with the state that because Officer Duncan did not use the exhibit to refresh his memory but only identified it appellant was not entitled to see and examine the same. As heretofore stated, when the photograph was exhibited to the officer before the jury and he was questioned relative thereto, its contents became an issue and appellant then had the right to see and examine the same.

■ While Dr. Montgomery was testifying on redirect examination by state's counsel he was asked to give his opinion, based upon his examination of the deceased and assuming that the deceased was standing when the shots were fired, as to which of the four bullets first entered the deceased's body. Appellant objected to such inquiry on the ground that the doctor had not been qualified to give such an answer. The objection, which we deem sufficient, was by the court overruled and Dr. Montgomery was permitted to testify that in his opinion it was either the bullet which entered the back or the side that first entered the deceased's body.

The admission of such testimony was clearly error and prejudicial to the appellant on the issue of self-defense.

In Powdrill v. State, 62 Tex.Cr.R. 442, 138 S.W. 114, a prosecution for murder where self-defense was an issue, this court, in reversing the conviction because a doctor was permitted to testify as to which of two shots fired by the accused struck the deceased under the arm and that it was the first shot, said:

"In this case there were no eyewitnesses except the appellant to the killing. The appellant testified to such a state of facts as from his standpoint tended to show that he was acting in self-defense. A very material fact in the case was whether the first shot entered under the arm or not. We think it clear that this fact could not be testified to by the doctor, and that it was not such a character as an expert could give his opinion or conclusion about. It was for him to detail the character, location, etc., of the wounds and for the jury to determine this material fact. We think the court erred in not excluding this evidence of the doctor. Williams v. State, 30 Tex.App. 447 [429], 17 S.W. 1071; Thompson v. State, 30 Tex.App. 325, 17 S.W. 448; McCormick v. State, 52 Tex.Cr.R. 495 [493], 108 S.W. 669; Cooper v. State, 23 Tex. 331."

Dr. Montgomery was not only not qualified to express such an opinion but the opinion he did express was in violation of the rule which prohibits either a non-expert or an expert witness who was not a witness to the homicide to express an opinion as to the relative position of the parties at the time

of the shooting. Boles v. State, 108 Tex. Cr.R. 204, 299 S.W. 407; Boles v. State, 109 Tex.Cr.R. 471, 5 S.W.2d 509; and Villareal v. State, 140 Tex.Cr.R. 675, 146 S.W.2d 406.

We do not agree with the state's contention that the matter of Dr. Montgomery's opinion was brought out by appellant on his cross-examination of the witness. On cross-examination appellant did not ask the doctor for his opinion but only inquired as to whether he *knew* which shot first entered the body and whether he could determine which shot was fired first.

The matter of the court's refusal to grant a new trial because three defense exhibits: 6, 7, and 8—being photographs of the deceased's body and not introduced in evidence—inadvertently got into the jury room during the jury's deliberations will not be discussed, as such will not likely occur upon another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.