Leport WALTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37673.

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Saunders & Tunnell, Tyler, for appellant.

W. E. Coats, Jr., Dist. Atty., R. S. Burruss, Asst. Dist. Atty., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, five years.

The disposition hereof makes a summary of all the facts unnecessary.

In justification of said killing the appellant introduced and relied upon evidence that he acted in self-defense. Frank Lawson, testifying as a witness for the appellant, on direct examination stated that he was present at the scene of the homicide before and at the time it occurred; that an argument arose between a woman employed by the appellant in the club and the wife of the deceased, and the appellant approached the deceased and his wife, saying "I don't want that in here. If you do, you all get out." Lawson further testified that at this time the deceased moved toward the appellant with his hand in his pocket saying "I been wantin' to kill you anyhow," and the appellant with his hands up was moving backwards saying, "Don't come upon me; get back." While he (Lawson) was going to the door, he heard a shot from a gun but he did not see the gun or know how the appellant got the gun with which he shot the deceased. On cross-examination of the witness Lawson, counsel for the state exhibited to him in the presence and hearing of the jury a written statement, which the witness admitted that he had given to the assistant state's attorney, and had signed and sworn to it before a notary public. Also, in the presence and hearing of the jury state's counsel proceeded to read portions of the statement and asked the witness if he had not made such statements. Certain portions of the written statement, as read, differed materially from some of his testimony given before the jury. The witness also denied making certain other portions of the statement which were read to him by counsel for the state in the presence of the jury.

The facts contained in numerous portions of the written statement, as read to the witness during his examination in the presence of the jury, were material to the issues in the case.

The written statement was not introduced in evidence. Counsel for the appellant properly and timely requested the court to instruct the state's attorney to permit him to examine the written statement. The motion was refused by the court.

In Sewell v. State, Tex.Cr.App., 367 S.W.2d 349, this court said:

"Reversal will result, however, without any showing of injury for denial of the defendant's timely request or demand that he be permitted to inspect any document, instrument or statement which is used in some way before the jury by which its contents becomes an issue, such as used by the witness to refresh his memory (Jackson v. State, 166 Tex.Cr.R. 348, 314 S.W.2d 97; Green v. State, 53 Tex.Cr.R. 490, 110 S.W.2d 920, 22 L.R.A.,N.S., 706; Palacio v. State, 164 Tex.Cr.R. 460, 301 S.W.2d 166); or exhibited or read from or used to question the witness

in the jury's presence (Board v. State, 122 Tex.Cr.R. 487, 56 S.W.2d 464; Bailey v. State, Tex.Cr.App., 365 S.W. 2d 170 (photograph exhibited before the jury)."

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.