Clarence Wayne WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 44689.

Court of Criminal Appeals of Texas.

April 5, 1972.

E. Brice Cunningham, Dallas, for appellant.

Henry Wade, Dist. Atty., and Edgar A. Mason, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for rape by force. The punishment was assessed at 45 years.

We shall not consider the grounds of error in the order presented by the appellant. At the outset, we observe that the appellant challenges the sufficiency of the evidence to sustain the conviction.

■ The record reflects that on July 3, 1969, the prosecutrix was at home in the City of Garland with her two children while her husband was at work. At approximately 2:00 p. m. a black man came to the door and asked whether there was any yard work that needed to be done. When told there was none, the man left, but returned about five minutes later. When the prosecutrix came to the door this time, she found the individual inside the screen door. The man, who was carrying a gun wrapped in a dish towel, forced his way into the living room. The prosecutrix was then ordered to the kitchen and back to the living room. In the process of this movement, the intruder picked up some sewing scissors and grabbed the prosecutrix around the neck, and she was thrown on the living room couch, her clothing was removed and she was instructed to remain silent. A complete sexual assault was shown to have occurred on the couch without prosecutrix's consent and at a time when she was in fear for her life and the safety of her children playing in the next room. Appellant was positively identified as the assailant.

The defensive theory was alibi and was supported by the testimony of appellant and several members of his family which tended to show, had it been believed, that appellant was at home at the time the assault occurred.

■ By its verdict the jury, as trier of the facts, rejected appellant's position. The testimony of the prosecuting witness in a rape case need not be corroborated except in instances of a belated outcry.[1] Here the victim complained immediately after the assault occurred.

■ Considering the evidence in the light most favorable to the jury's verdict, as this court is required to do, we find it sufficient to support the verdict.

Appellant further contends that the trial court erred in refusing his motion in limine seeking to prohibit the State from mentioning his motion for probation during voir dire examination of the jury panel or at any time during the guilt stage of the trial.

■ A transcription of such voir dire examination, if taken, is not in the record before us and the appellant has failed to point out where, in the record before us, the State commented on, mentioned or referred to the motion for probation at the guilt stage of the trial. It would not appear that any question has been presented for review. O'Dell v. State, 467 S.W.2d 444 (Tex.Cr. App.1971).[2]

■ Further, and far more important is the fact that the appellant filed his motion seeking probation from the jury. When this is done, the jury is the one to determine punishment and the issue of probation in the event of finding of guilt. Article 37.07, § 2(b), as amended 1969, Vernon's Ann.C.C.P. While an accused may be willing to forego any voir dire examination on the law relating to adult probation he cannot foreclose the State from so inquiring. The only time the State would have this opportunity would be during the voir dire examination and prior to the selection of the jury for the bifurcated trial. See Brown v. State, 475 S.W.2d 938 (Tex. Cr.App.1972).

Appellant's contention is without merit.

1. Watson v. State, 466 S.W.2d 783 (Tex. Cr.App.1971); Ferrell v. State, 464 S. W.2d 851 (Tex.Cr.App.1971); Bass v. State, 468 S.W.2d 465, 467 (Tex.Cr.App. 1971); Johnson v. State, 449 S.W.2d 65 (Tex.Cr.App.1970); Brazil v. State, 401 S.W.2d 843 (Tex.Cr.App.1966); Hindman v. State, 211 S.W.2d 182 (Tex. Cr.App.1948).

2. Accord: e. g. Martin v. State, 452 S.W. 2d 481, 483 (Tex.Cr.App.1970); Joseph v. State, 442 S.W.2d 397 (Tex.Cr.App. 1969).

Appellant also complains that error was committed when the trial court sustained the State's objection to admission of a "mug-shot" type photograph of appellant. It was appellant's testimony that said photograph had been taken at the Garland Police Department on or about August 8th, 1969, and given to him by Sgt. Carlock. When questioned by the careful trial judge of the "materiality" of the picture, appellant could only assert that the photograph went to show that the picture had been taken on August 8th, a fact which all parties agreed was undisputed.

■■■ The rule is that a trial court's exclusion [3] or admission [4] of photographic evidence, like most evidentiary rulings, does not amount to reversible error unless an abuse of discretion is shown. When tendering the photograph at trial, appellant failed to demonstrate any logical relevance said photograph had to any issue in the case. For the first time on appeal he attempts to bolster his contention by arguing that the photograph would have had some probative value on appellant's pre-trial photographic identification.

Although we note in passing that appellant never objected to any of the identification testimony and the photograph thus had negligible probative value on pre-trial identification, we need not consider what relevance it might have had on that issue.

"Where there is any doubt as to the relevance of the evidence offering counsel must specify the purpose for which it is offered or other facts necessary to render it admissible. This is essential for an intelligent objection by opposing counsel and ruling by the trial judge. If he states a purpose for which it is inadmissible, he cannot complain of the ruling of the trial judge in excluding the evidence even though there was some other purpose for which it could have been received." 1 McCormick & Ray, Texas Law of Evidence § 21 at 19 (1956).

No abuse of discretion is shown.[5]

The last and most troublesome question presented is whether the court erred in refusing to permit the appellant certain documents in possession of the State in alleged violation of "the use before the jury" rule. The documents are a police offense report relating to an entirely different offense than the one charged in this indictment and the extrajudicial confession of the appellant to another offense.

The incidents arose in this manner during the trial. Raymond White, appellant's brother, was called as a defense witness and related that when he left home at 1:00 p. m. on July 3, 1969, the date of the alleged offense (which occurred around 2:00 p. m.), the appellant was still at their home. On cross examination, the State sought to challenge his capacity to remember specific details by inquiring about events that may have occurred on July 1st and 2nd. He was asked if the appellant had been home on July 1st "around 1:30 a. m. or p. m." He answered: "I didn't say what time." The record then reflects the following:

"Q We would like to know where he was about 1:30 a. m. on that day?

---

3. Nilsson v. State, 477 S.W.2d 592 (Tex. Cr.App.1972).

4. Harris v. State, 457 S.W.2d 903, 913 (Tex.Cr.App.1970), rev'd on other grounds, 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1971); Lanham v. State, 474 S.W.2d 197, 199 (Tex.Cr.App.1972); Martin v. State, 475 S.W.2d 265, 267 (Tex.Cr.App.1972).

5. The authorities on which appellant relies, Sanchez v. State, 67 Tex.Cr.R. 453, 149 S.W. 124, 126 (1912); Walker v. State, 60 S.W.2d 1117 (Tex.Cr.App. 1933); Lucas v. State, 160 Tex.Cr.R. 443, 271 S.W.2d 821, 824 (1954), are not only inapposite to his ground of error, but they actually support the result here reached. All involved admission of photographs at trial, and in each case the admission was sustained on appeal with this court applying a reviewing standard similar to the "abuse of discretion" test used in the instant case.

"A   On the 1st?

"Q   Yes.

"A   I couldn't say."

At the close of the cross examination, appellant's counsel asked to "examine the papers he [the prosecutor] just got through questioning the witness from." The jury was then retired. The prosecutor acknowledged that the document was a police report of an offense by an unidentified male occurring in a Garland neighborhood on July 1, 1969, that in testing the witness' memory that he referred to the report to refresh his [prosecutor's] memory and then asked several questions of the witness, and at the time the jury was in the jury box. The court examined the document and refused the request made. It was, however, marked for identification and made a part of the record on appeal. The report reflects the offense involved occurred around 1:30 p. m. on July 1, 1969.

The appellant, testifying in his own behalf, related he was home until 6:00 p. m. on the date of the offense, did not know the prosecutrix or the location of Susan Street on which the prosecutrix lived. On cross examination, he revealed he had lived in Garland 13 years and knew the area "fairly well." He was then asked if he knew the location of Dairy Road and Cooter's Grocery Store and he answered in the affirmative and acknowledged he had been over to Cooter's. The record then reflects:

"Q   You don't know that Susan Street is there a couple of streets up from Cooter's Grocery Store?

"A   No, sir."

At the conclusion of the cross examination and following a conference at the bench, the jury was retired. The appellant then moved to inspect a document which the State allegedly used before the jury in its cross examination.

The document was an extrajudicial confession of the appellant to another offense on July 1, 1969, which the State admitted was the subject matter of the police offense report mentioned earlier. The record then reflects the following colloquy:

"THE COURT: That, Defendant's Exhibit No. 3 is a statement of Clarence White in another case?

"MR. LUCAS: Judge, this is a statement that the defendant gave in another case, and we don't feel like he should be able to look at it in this case, and it shouldn't be introduced in this case in any way.

"We will stipulate that we asked—

"MR. HILL: Yes, I just got some references from it, I didn't read the whole thing or any sentences from it.

"MR. CUNNINGHAM: But you did have it in front of you?

"MR. HILL: Yes.

"MR. CUNNINGHAM: And you read a part and then asked the question, isn't that true?

"MR. HILL: Well, I will stand on the fact that I did refer to it by refreshing my memory as to things such as Cooter's Grocery Store, and Dairy Row, and a couple of those things, but I did not— I didn't read the whole thing; I didn't even read a whole sentence.

"MR. CUNNINGHAM: But you did refer to it, to certain items, while you were sitting at the counsel table, isn't that correct?

"MR. HILL: Yes.

"MR. CUNNINGHAM: And the jury was in the jury box?

"MR. HILL: Yes.

"MR. CUNNINGHAM: And that after you referred to the Defendant's Exhibit No. 3 you then asked Clarence Wayne White some questions, at least one question?

"MR. HILL: Well, I asked him a lot of questions.

"MR. LUCAS: When he says refer to it, you mean examined it, he examined it, but he didn't tell the jury what it was or anything.

"That's all we have.

"MR. CUNNINGHAM: That's all.

"THE COURT: Bring the jury in."

The court denied the request to examine the document but did make it a part of the record for appeal purposes only.

Appellant invokes the "use before the jury" rule and principally relies upon the language found in Sewell v. State, 367 S.W.2d 349, 351 (Tex.Cr.App.1963) to the effect that

"Reversal will result, however, without any showing of injury for denial of the defendant's timely request or demand that he be permitted to inspect *any* document, instrument or statement which is used in some way *before the jury* by which its contents becomes an issue, such as used by the witness to refresh his memory (Jackson v. State, 166 Tex.Cr. R. 348, 314 S.W.2d 97; Green v. State,

53 Tex.Cr.R. 490, 110 S.W. 920, 22 L.R.A., N.S., 706; Palacio v. State, 164 Tex.Cr.R. 460, 301 S.W.2d 166); or exhibited or read from or used to question the witness in the jury's presence (Board v. State, 122 Tex.Cr.R. 487, 56 S.W.2d 464; Bailey v. State, Tex.Cr.App., 365 S.W.2d 170 (photograph exhibited before the jury)."

In Texas there are two rules which establish the right of criminal defendants to inspect documents in the possession of the State during the conduct of a trial—the so-called "Gaskin Rule" [6] and the "use before the jury" rule. It would not benefit the jurisprudence of this state to expound, compare or contrast the scope of these two principles because we have done so on many occasions in the past.[7]

Under the "use before the jury rule" a defendant is entitled to inspect, upon his timely request, any document,[8] instrument or statement which has been used by the State before the jury in such a way that its contents become an issue. Sewell v. State, supra. A failure to permit or compel such inspection is reversible error,[9]

6. The leading case, of course, is Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962). Particular attention should be given to the limitation that Artell v. State, 372 S.W.2d 944 (Tex.Cr.App. 1963), placed on that rule.
For examples of the Gaskin Rule in operation, see, e. g., Aguillar v. State, 172 Tex.Cr.R. 629, 362 S.W.2d 111 (1962), rev'd on other grounds, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Moore v. State, 384 S.W.2d 141 (Tex.Cr.App.1964); Rodriguez v. State, 172 Tex.Cr.R. 540, 360 S.W.2d 406 (1962); Sosa v. State, 477 S.W.2d 589 (Tex.Cr.App.1972).

7. For a discussion and analysis of the interrelationship between the two rules, see, e. g., Sewell v. State, supra; Dover v. State, 421 S.W.2d 110 (Tex.Cr.App. 1967); Rose v. State, 427 S.W.2d 609, 612 (Tex.Cr.App.1968) (concurring opinion); Leal v. State, 442 S.W.2d 736, 738 (Tex.Cr.App.1969) (concurring opinion).
See also Hart v. State, 447 S.W.2d 944, 947 (Tex.Cr.App.1970); Carey v.

State, 455 S.W.2d 217, 219 (Tex.Cr.App. 1970).
See generally Comment, Rights of a Criminal Defendant to Inspect Papers in the Possession of the State, 16 Baylor L.Rev. 51 (1964).

8. The Gaskin Rule applies only where the writing is a statement or report prepared by the witness. Artell v. State, supra note 6. This limitation is criticized by the writer of this opinion in many cases, see, e. g., Rose v. State, supra note 7.

9. In contrast, a failure to compel or permit inspection under the Gaskin Rule is error, but the defendant must demonstrate on appeal that he was harmed by it. See, e. g., Campos v. State, 468 S.W. 2d 81 (Tex.Cr.App.1971); Henley v. State, 387 S.W.2d 877, 879 (Tex.Cr.App. 1965), rev'd on other grounds on rehearing (1965); Capuchino v. State, 389 S.W.2d 296, 299 (Tex.Cr.App.1965), cert. den. 386 U.S. 928, 87 S.Ct. 869, 17 L.Ed.2d 800 (1967).

and a showing of harm flowing from the error is not required.

■■■ Turning to the instant case we note in passing that the mere fact the State's alleged use before the jury occurred during the interrogation of a defense witness is not determinative because the rule applies, given the requisite use, even though the use occurs while a defense witness is on the stand.[10] Board v. State, 122 Tex.Cr.R. 487, 56 S.W.2d 464 (1933); Walton v. State, 386 S.W.2d 805 (Tex.Cr.App.1965); Rutledge v. State, 94 Tex.Cr.R. 231, 250 S.W. 698 (1923). The ultimate question, however, is whether appellant has shown that either of the two documents was used by the State before the jury so that their contents became an issue.

Appellant would have us take the language of *Sewell* quoted above in its most literal sense and apply the rule whenever the State merely "read from" (including a *silent* reading) or "uses" the document in any fashion to question a witness. His

reliance on said language is misplaced. First, the cited language in *Sewell* was definitely explanatory dicta since the issue actually before the court in that case involved an application of the Gaskin Rule, and we do not feel at all constrained by the semantics of a formula thus enunciated.

■■■ Secondly, the language of *Sewell* must be read in context and by comparison with the cases there cited. In support of its language "read from" or "used to question the witness," the court in *Sewell* cited Board v. State, supra, and Bailey v. State, 365 S.W.2d 170 (Tex.Cr.App.1963). In *Board,* the "use" before the jury consisted of exhibiting the document to the witness, permitting the witness to identify the document, reading portions of the document aloud before the jury and asking the witness whether the portions read were true. In *Bailey* the document was shown to the witness by the attorney for the State.[11]

In Rose v. State, 427 S.W.2d 609, 611 (Tex.Cr.App.1968), this court stated that

---

But reversible error is always reflected by demonstrating that the Gaskin Rule applied and that the trial court refused to permit the document to be included in the appellate record, thus denying an appellant the opportunity of proving harm to this court. See, e. g., Martinez v. State, 172 Tex.Cr.R. 186, 354 S.W.2d 936 (1962); Pruitt v. State, 172 Tex.Cr.R. 187, 355 S.W.2d 528 (1962).

10. The Gaskin Rule operates only where, at the close of the State's direct or redirect examination, the defense requests a document prepared by the witness for purpose of impeachment or other use on cross examination. See authorities cited, supra note 7.

11. In addition to *Bailey* and *Board,* in every other case where the rule has been held properly invoked, the document was either exhibited to the witness by the attorney for the State, Kirkland v. State, 86 Tex.Cr.R. 595, 218 S.W. 367 (1920) (alternative holding); Rutledge v. State, 94 Tex.Cr.R. 231, 250 S.W. 698 (1923); Green v. State, 53 Tex.Cr.R. 490, 110 S.W. 920 (1908); Walton v. State, 386 S.W.2d 805 (Tex.Cr.App. 1965); Long v. State, 170 Tex.Cr.R.

262, 340 S.W.2d 58 (1960), or the witness, apparently on his own, produced a document and refreshed his recollection from it on the stand before the jury, Palacio v. State, 164 Tex.Cr.R. 460, 301 S.W.2d 166 (1957); Harris v. State, 172 Tex.Cr.R. 421, 358 S.W.2d 130 (1962); Jackson v. State, 166 Tex.Cr. R. 348, 314 S.W.2d 97 (1958); Sanchez v. State, 155 Tex.Cr.R. 364, 235 S.W.2d 149, 152 (1951).

Note that once the State has exhibited a document to the witness before the jury it is immaterial whether the witness then uses the document to refresh his recollection. *Cf.* Walton v. State, supra (no refreshment of recollection), *with* Palacio v. State, supra; Green v. State, supra, and Rutledge v. State, supra (witness's recollection refreshed).

In either instance (use by the State's attorney or the witness), it is of no consequence whether the document was prepared by the witness. *Cf.* Palacio v. State, supra (witness's own notes) and Harris v. State, supra (witness's own notes) *with* Sanchez v. State, 155 Tex. Cr.R. 364, 235 S.W.2d 149, 152 (1950) (document was defendant's confession); Bailey v. State, supra (document not prepared by witness).

*Sewell* ". . . must necessarily mean that the prosecution must let the witness know that he is referring to the instrument when questioning him." This clarification of *Sewell* in *Rose* may be somewhat restrictive but the "use before the jury" rule is not triggered by a silent reading of the document by the prosecutor where the document is not called to the witness's attention or exhibited to the witness or he is not questioned in such a way that the contents of the document become an issue.

In the instant case neither witness had his attention directed to the document in question, nor was it exhibited or read aloud to either witness, nor was any reference made to indicate to the jury that such document was being used as the basis for the interrogation. While the prosecutor did look at such instrument and then ask questions, it was not done in such a manner as the contents of the document became an issue. Although the prosecutor stated he briefly referred to the confession to refresh his memory as to Cooter's Store and Dairy Road neither of these places is mentioned in such confession. If the prosecutor refreshed his memory, it must have been from some other source. An examination of the confession and the record of the cross examination fails to reflect that the confession was actually used by the prosecutor.

While we conclude that the "use before the jury" rule was not technically violated, it is difficult to determine just why the prosecution sought so diligently to prevent their examination or the court refused their inspection. The appellant could have made little or no use of the documents without harming himself either on redirect examination or in the presentation of any defense. The Garland City Police "General Offense Report" was probably a matter of public record and obtainable, and the extrajudicial confession of another offense would have been available to the appellant

"before and during" trial of such an offense. Article 39.14, Vernon's Ann.C.C.P.

For the reasons stated, the judgment is affirmed.