Anthony Earl FRENCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–00238–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 16, 1984.

Randy Holzapple, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

BASS, Justice.

Appellant was indicted for aggravated robbery and aggravated kidnapping. During the jury trial on guilt or innocence the State dismissed the aggravated kidnapping charge. The jury found the appellant guilty of aggravated robbery, and assessed punishment at 25 years confinement.

The judgment is affirmed.

Appellant entered a delivery van driven by the complainant and robbed him at gunpoint. In the course of the offense both the complainant and appellant were shot. Appellant was arrested a short time later, while he was being treated at Ben Taub Hospital for a bullet wound to the arm.

Appellant's first ground of error alleges that the trial court erred in limiting his cross-examination of a witness, thereby denying him his constitutional right to confront the witness against him.

Officer Knott was called as a witness for the State. Upon cross-examination, it was established that Officer Knott had used an offense report written by Officer Johnson to refresh his memory prior to trial. It was also shown that even though Officer Knott had contributed some of the information included in the report, he had not personally written the report.

Appellant's counsel then requested and received a copy of the offense report. After examining the report, appellant's counsel attempted to cross-examine the witness from statements made in the report. The State objected, and the objection was sustained.

■ The accused in a criminal proceeding is entitled to confront the witnesses who testify against him. U.S. Const. Amend. VI. Essential to this right is the opportunity to effectively cross-examine these witnesses, which in some instances can be accomplished only after counsel has had an opportunity to inspect written reports which are either used before the jury or prepared by the witness. To insure the protection of these rights, the Texas courts have adopted two rules of procedure with regard to written reports or statements: the "Gaskin rule" and the "use before the jury" rule. In *Gaskin v. State*, 172 Tex. Cr.R. 7, 353 S.W.2d 467 (Cr.1961), the court held that where a witness for the State has prepared a written statement prior to testifying, the defendant, upon a timely and proper request, is entitled to inspect and use the statement for the purposes of cross-examination and possible impeachment. The denial of such a request although error, is not fundamental, and requires that the defendant request the inclusion of the statement in the appellate record so that the court can determine whether the defendant was harmed by the court's ruling. Conversely, given the same facts, under the "use before the jury" rule, harm would be presumed. The "use before the jury" rule entitles a defendant to examine, upon specific and timely request, any document, statement, instrument or object which is used by the State in the presence of the jury in such a manner that its contents become an issue. The authorship of the report is irrelevant to the application of this rule. *Hoffpauir v. State*, 596 S.W.2d 139 (Tex.Cr.App.1980).

Both sides agree that because the report was not written by the testifying police

officer, nor used in any manner by the State while in the court room, neither the "Gaskin rule" nor the "use before the jury" rule applies to this case. Furthermore, the fact that the officer used the report to refresh his memory prior to trial in no way affects the applicability of either rule. *Gaskin, supra; Myre v. State,* 545 S.W.2d 822 (Tex.Cr.App.1977); *Walton v. State,* 386 S.W.2d 805 (Tex.Cr.App.1965).

The appellant relies chiefly on *Harrison v. State,* 630 S.W.2d 350 (Tex.App.—San Antonio 1982), and *Porter v. State,* 578 S.W.2d 742 (Tex.Cr.App.1979), for the proposition that the right to confront and cross-examine witnesses is essential to due process and a fair trial within the provisions of the Fourteenth Amendment to the Constitution of the United States, and Article 1, Section 10, of the Constitution of the State of Texas.

In *Harrison, supra,* the court stated that the right to cross-examine witnesses is not unlimited, and extends only to issues that are both relevant and material in the case before the court. However, the court also recognized that the essential purpose of cross-examination is "to test the accuracy and credibility of the witnesses." *Id.* at 352.

■ In the case at bar, it would have been impossible to impeach Officer Johnson's credibility with a report written by Officer Knott. Appellant's counsel did not establish that the testifying officer either made or adopted the report's statements which were the focus of his cross-examination. Therefore, the attempted cross-examination concerning the statements included in the report, written by Officer Knott, was simply irrelevant to the issue of Officer Johnson's credibility. Furthermore, in all other respects appellant's counsel was given a full opportunity to cross-examine this witness as to facts within his personal knowledge, and the opportunity to cross-examine Officer Knott, the author of the report, as to the statements included therein. We hold that the appellant was not denied his right to cross-examine the witness, and

we overrule appellant's first ground of error.

In his second ground of error, appellant contends he was denied the effective assistance of counsel. In support of these allegations, appellant offers a list of allegedly incompetent actions taken by trial counsel.

■ In *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980), the court held that the standard used to determine the effectiveness of counsel is that of "reasonably effective assistance." See *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir.1961). The court in *Duffy* further stated:

> We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render, and rendering effective assistance. *Id.* at 514.

Furthermore, with respect to effective assistance of counsel, it has been held that each case must turn on its own particular facts and circumstances, *Benoit v. State,* 561 S.W.2d 810 (Tex.Cr.App.1977), and must be gauged by the totality of the representation. See *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr.App.1976); *Williams v. State,* 513 S.W.2d 54 (Tex.Cr.App.1974). Moreover, the allegations of ineffective assistance will be sustained only if they are firmly founded. *Faz v. State,* 510 S.W.2d 922 (Tex.Cr.App.1974); *Long v. State,* 502 S.W.2d 139 (Tex.Cr.App.1973).

■ In viewing the entire record and thus the totality of the representation, by trial counsel, we find that the appellant's allegations of ineffective assistance are not firmly founded. Although counsel did not secure formal rulings on her pre-trial motions, it is apparent from the record that counsel received everything she requested. See, *Boykin v. State,* 487 S.W.2d 128 (Tex. Cr.App.1972). Furthermore, the remaining actions, alleged by appellant as incompetent and ineffective, could have been done as part of counsel's trial strategy. In view of the totality of the representation as evidenced by the record before this court, and taking into consideration the actions specif-

ically alleged by appellant to be evidence of ineffective assistance, we hold that appellant was not denied the effective assistance of counsel. *Rodriguez v. State,* 340 S.W.2d 61 (Tex.Cr.App.1960).

Appellant's second ground of error is overruled.

In his third ground of error, appellant contends the trial court erred in incorrectly instructing the jury on the law of theft by including an erroneous definition of the term "effective consent" as it applies to a robbery case.

The theft statute defines "effective consent" to include "consent by a person legally authorized to act for the owner. Consent is not effective if (a) induced by deception or coercion ..." Tex.Penal Code Ann., § 31.01(4)(a). In the case at bar, the trial court without objection, used the definition found in section 1.07(a)(12)(A) of the Tex.Penal Code, which defines the term "effective consent" as "assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by force, threats or fraud."

In *Woods v. State,* 653 S.W.2d 1 (Tex.Cr. App.1983), (Opinion on State's motion for rehearing), the Court reviewed the trial court's total failure to include a definition of "effective consent" in its charge to the jury. It went on to adopt Judge Clinton's dissenting opinion in *Hill v. State,* 640 S.W.2d 879 (Tex.Cr.App.1982), and held:

> [I]nherent in the statutory requirement that an accused be shown to have intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death is that an owner's lack of consent to a forcible taking of his property is a non-issue in a robbery case. Stated another way, a taking "without the owner's effective consent" never becomes a disputed fact issue when it is alleged, proven and found that the owner was threatened or placed in fear of imminent bodily injury or death intentionally or knowingly by an accused in the course of the taking.

Based on this rationale, the charge of the court in the aggravated robbery case at bar included an improper definition of a non-issue. Therefore, the error, if any, was not calculated to injure the rights of the defendant and no reversible error is shown. Tex.Code Crim.Pro. art. 36.19.

Appellant's third ground of error is overruled, and the judgment of the trial court is affirmed.