JEFF DAVIS HARRIS v. STATE

No. 34,627.    June 6, 1962

*J. W. Reid,* Abilene, on appeal only, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the subsequent offense of drunken driving; the punishment, thirty days in jail and a fine of $100.

In view of our disposition of the case, a recitation of the facts is unnecessary.

Officer McCormick, while testifying on direct examination for the state, referred to and testified from a report which he had made in the case.

At the conclusion of the state's examination, appellant's counsel requested that he be permitted to inspect and use the instrument for the purpose of cross-examination.

Counsel's request was by the court refused and, under the record presented, such refusal constitutes reversible error.

It is a well settled rule in this state that where a witness, while testifying, uses a writing to refresh his memory or testifies from the writing, without any independent recollection of the facts, the defendant or his attorney has a right to inspect the statement for the purpose of cross-examination. Long v. State, 170 Texas Cr. Rep. 262, 340 S.W. 2d 58; Jackson v. State, 166 Texas Cr. Rep. 348, 314 S.W. 2d 97; Palacio v. State, 164 Texas Cr. Rep. 460, 301 S.W. 2d 166; Green v. State, 53 Texas Cr. Rep. 490, 110 S.W. 920, 22 L.R.A., N.S. 706; McCormick and Ray, Texas Law of Evidence, 2d Ed., p. 449, Sec. 553; 44 Texas Jur., p. 1140, Sec. 144; and 1 Branch's Ann. P.C., 2nd Ed., page 189, Sec. 182.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.