Florencio SOSA, Appellant,

v.

The STATE of Texas, Appellee.

No. 44637.

Court of Criminal Appeals of Texas.

March 15, 1972.

Warren Heagy, Odessa (Court Appointed), for appellant.

John H. Green, Dist. Atty., and J. A. (Jim) Bobo, Asst. Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the sale of marihuana. The jury assessed the punishment at ninety-nine years.

The sole witness was Pedro Hernandez, an undercover agent for the Texas Department of Public Safety. Hernandez testified that he was introduced to appellant in a cafe in Odessa on March 18, 1970. Appellant and the woman who introduced him told Hernandez that if he was going to ride around they wanted to go with him. When they got in the agent's car appellant asked him if he wanted some heroin. Hernandez answered that he did. After stops at three locations appellant was unable to locate any heroin. The appellant then asked if Hernandez wanted some "mota" (marihuana). The agent agreed and drove back to the cafe where appellant got out and talked to someone else. Appellant returned to the car and sold three marihuana cigarettes to Hernandez for $2.00.

Appellant's sole complaint is that the trial court refused to allow him to inspect the agent's notes for cross-examination after the agent testified that he had used them to refresh his memory outside the presence of the jury. Appellant claims this refusal resulted in harm to him and was reversible error.

The trial court made an in-camera inspection of the contents of the notes and overruled appellant's motion to be given the notes. The court further allowed appellant to include these notes in a bill of exception and send them in a sealed envelope for this Court to determine whether harm to appellant and a resulting abuse of discretion are shown.

Two basic rules have been followed by this Court regarding prior statements or notes of a witness: (1) the "use before the jury" rule, see Rose v. State, 427 S.W.2d 609, and (2) the so-called Gaskin rule, Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467. In the "use before the jury" rule, where the witness uses notes to refresh his memory in the presence of a jury so that their contents become an issue, the defendant has an absolute right to have them, and it is reversible error for the court to refuse to allow him to inspect them. See Campos v. State, Tex.Cr.App., 468 S.W.2d 81; Gaskin v. State, supra; Harris v. State, 172 Tex.Cr.R. 421, 358 S.W.2d 130; Jackson v. State, 166 Tex.Cr.R. 348, 314 S.W.2d 97. The Gaskin rule applies where after a witness has testified for the State on direct examination demand is made for a prior statement of that witness for purposes of cross-examination, and possibly impeachment, whether that statement has been used by the witness to refresh his memory or not. See Campos v. State, supra; Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Gaskin v. State, supra. The failure to give a defendant an opportunity to examine such notes is error, but will not result in reversal unless injury is shown or the defendant is deprived of the opportunity to show injury. Sewell v. State, Tex.Cr.App., 367 S.W.2d 349, 351.

Appellant does not question the above rules. He contends the trial court erred because inspection of the notes shows inconsistencies between the notes, the testimony on direct examination and the testimony on cross-examination.[1]

1. Apparently counsel for appellant saw the notes after the trial and before the record reached this Court.

 

We have examined the notes and find no inconsistencies between the notes and the agent's testimony on direct examination. The only inconsistency which appears is between cross-examination and direct examination (and notes) regarding where appellant first made the offer to sell heroin. On direct examination (and in the notes) the offer was said to be made in the car; on cross-examination it was said to be made in the restaurant. The fact of appellant's offer to sell heroin is important, not on the issue of guilt for sale of marihuana, but in the assessment of punishment. Whether the offer was made in the restaurant, in the car, or in both places we find this to be insignificant.

No reversible error is shown. The judgment is affirmed.