Evelyn BIZZARRI, Appellant,

v.

The STATE of Texas, Appellee.

No. 46121.

Court of Criminal Appeals of Texas.

April 18, 1973.

Additions; and that the lots of Wood lie within Singleton Addition 3.

Jack Johnson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Rick Stover, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. After the jury returned a verdict of guilty, punishment was assessed by the court at twenty years.

The indictment upon which prosecution is based charges appellant with the murder of her two-year old son.

Appellant contends that the court erred in admitting her statement into evidence in that she did not knowingly, intelligently and voluntarily waive her rights before signing the statement.

Before appellant's statement was admitted into evidence, a hearing was had out of the presence of the jury, and the court entered its order stating its findings in accordance with the provisions of Article 38.22, Vernon's Ann.C.C.P.

After the court admitted the statement into evidence, testimony was produced before the jury, and the jury was instructed regarding the admissibility of the confession. The jury was instructed not to consider the statement if they believed or had a reasonable doubt thereof that the appellant made the statement while she was in such a mental condition that she did not know or understand what she was doing. See Hatke v. State, Tex.Cr.App., 455 S.W. 2d 310.

Appellant directs our attention to the testimony of her mother in which she stated that appellant spent six years in special education classes in the public schools of Harris County and urges that it is clear that appellant stayed in special classes until she got so old she just quit school.

Officer Janet Lee testified that she read appellant "her warning" in the juvenile office and was present when Judge Pacetti "was reading her her rights and questioning her concerning them . . . ." Officer Lee further testified that appellant was coherent, and that she was convinced that appellant understood questions she was asked.

The thrust of appellant's argument is that she did not have sufficient understanding to knowingly waive her rights or to understand that she had the right to terminate the proceedings.

In Casias v. State, Tex.Cr.App., 452 S. W.2d 483, it was stated:

"It has been said that there is a general agreement among courts that a confession of crime is not inadmissible merely because the accused, who was not insane, was of less than normal intelligence, Vasquez v. State, 163 Tex.Cr.R. 16, 288 S.W.2d 100, and mere illiteracy has not been considered as a form of mental subnormality. Berry v. State, 58 Tex.Cr.R. 291, 125 S.W. 580. In Vasquez, the confession was held to be admissible where

the accused was shown to have been a 'mentally deficient person between a moron and an imbecile' who had a 'mental age of 4 years and 7 months.' "

■ In the instant case, there is no contention that the accused is insane, and although testimony of her low mentality would not be without weight on the question of admissibility of a confession of a crime, the fact that it was made by one whose mentality was at a lower level is to be taken into consideration and viewed as a fact or indicating, although not establishing, that the confession was lacking in voluntariness.

■ Whether appellant had the mental competency or intelligence required to waive her rights was for the court and jury. The issue was fairly presented and resolved against appellant.

No error is shown in the court admitting appellant's confession into evidence.

■ Appellant contends the court erred in not requiring the State to produce the signed statement of her husband Edward Bizzarri.

Edward Bizzarri was called by appellant to testify. Thus, the rule announced in Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W. 2d 467, allowing inspection of previous statement of State's witness is not applicable.

The record does not reflect that the State used any statement of the witness before the jury so as to bring into play the "use before the jury" rule. Campos v. State, Tex.Cr.App., 468 S.W.2d 81; Harris v. State, 172 Tex.Cr.R. 421, 358 S.W.2d 130; Jackson v. State, 166 Tex.Cr.R. 348, 314 S.W.2d 97.

Appellant urges that the State withheld evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 and Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737.

Upon request by appellant that the State produce evidence in its possession which might tend to show the innocence of appellant, the State answered that it neither knew of nor did it have such evidence in its possession.

Appellant, in her brief, speculates that the statement of Edward Bizzarri would have shown that he struck the deceased prior to the time he was rushed to the hospital and pronounced dead and argues that the State would have produced the statement if it had not shown the innocence of appellant.

■ Reversible error, in connection with improper suppression of evidence, is not demonstrated unless supported by adequate proof in the record. Jones v. State, Tex.Cr.App., 484 S.W.2d 745. Allegations in the brief do not constitute proof. Harris v. State, Tex.Cr.App., 453 S.W.2d 838.

No error is shown.

■ Lastly appellant urges that the court erred in allowing the State to delete certain portions of her confession when it was admitted into evidence. Specifically, the appellant points to certain exculpatory portions of the statement, "I didn't mean to do this but it just happened," and "I know that I am sick and I want someone to help me," which were omitted by the State when it offered the confession of appellant into evidence.

This Court has held that permitting State to introduce only part of a confession without requiring introduction of confession in its entirety is not error, accused having the right to introduce the remainder thereof. Pineda v. State, 157 Tex.Cr. R. 609, 252 S.W.2d 177; Holloway v. State, 148 Tex.Cr.R. 23, 184 S.W.2d 479; Ely v. State, 139 Tex.Cr.R. 520, 141 S.W. 2d 626.

No error is shown.

The judgment is affirmed.

Opinion approved by the Court.