IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0067-07






ISAIAH PAUL DELAO, APPELLANT



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


MCLENNAN COUNTY





 Meyers, J., delivered the opinion for a unanimous Court.


O P I N I O N 


 

 Appellant, Isaiah Paul Delao, was convicted of capital murder and sentenced to life
in prison. Tex. Penal Code Ann. § 19.03(2) (Vernon 2003). Appellant appealed the trial
court's ruling that his confession was given voluntarily and the court's decision to admit the
videotape of the confession. The court of appeals considered the totality of the
circumstances and held that the confession was voluntarily made and that the trial court did
not abuse its discretion in admitting the videotaped confession into evidence. Delao v.
State, No. 10-05-00323-CR, 2006 Tex. App. LEXIS 9995 (Tex. App.--Waco Nov. 15,
2006) (mem. op., not designated for publication). In a single point of error, Appellant asks
us to determine whether the voluntariness of a confession given by a mentally retarded and
mentally ill person can be assessed under the same standard as that used for a person of
normal mentality. We hold that the totality of the circumstances standard of review applied
by the court of appeals is appropriate for persons of all mentalities and that the court of
appeals properly evaluated the voluntariness of Appellant's confession. Accordingly, we
will affirm the decision of the court of appeals.FACTS AND PROCEDURAL HISTORY

 The victim died from a gunshot wound he received during a robbery of a bar. An
eyewitness to the robbery identified Appellant as the suspect from a photographic lineup. 
Shortly thereafter, Appellant agreed to accompany two police officers to the station for
questioning. Detective John Rozyskie conducted the interview with Appellant, which was
approximately an hour in duration and was entirely recorded on DVD. After Appellant
informed the detective that he was on medication, had difficulty reading, that he was an
"MHMR" (1) patient, and that he desired the attendance of his MHMR counselor, Rozyskie
continued the remainder of the questioning in the presence of Appellant's MHMR
counselor, Floyd Harrison. Rozyskie asked appellant questions about his background, his
education, and his family members. Appellant was able to quickly give appropriate
responses to questions, including the names, ages, and occupations of his siblings, the ages
of his nieces and nephews, and the name and age of his daughter. Appellant also told
Rosyskie the amount of his monthly social security check, how much he pays in child
support each month, and that he had recently made his last payment to pay the $3000 he
owed to his attorney. 

 During the course of the interview, Appellant made various comments that he now
contends indicated his desire to exercise his right to terminate the questioning. Near the
conclusion of the questioning, however, Appellant made statements which amounted to a
confession to the crime. After his arrest, Appellant filed a pretrial motion to suppress his
confession, alleging that it was involuntarily given because of his mental disabilities, police
coercion and duress, and because his efforts to terminate the interview were ignored. At a
hearing outside the presence of the jury, the trial court viewed the DVD recordings of the
interview and listened to the testimony of Rozyskie offered by the State. Appellant neither
produced any evidence nor cross-examined Rozyskie. The trial court denied Appellant's
motion to suppress the confession and dictated its findings into the record, namely that the
confession was "freely and voluntarily given." Delao, 2006 Tex. App. LEXIS 9995 at *2.

 The recorded confession was admitted into evidence and played for the jury at trial. 
Appellant then produced expert testimony intended to show that Appellant's confession was
likely involuntarily made, as Appellant was supposedly unable to fully understand his legal
rights and is more susceptible to coercion and persuasion because of his mental
disabilities. Later, the trial court instructed the members of the jury not to consider the
recordings of Appellant's confession for any reason if they believed beyond a reasonable
doubt that he did not voluntarily issue the statements. (2) The jury returned a verdict of guilty,
and Appellant received the statutory sentence of life imprisonment.

 On appeal, the court of appeals ultimately held that "under the totality of the
circumstances, and viewed in the light most favorable to the trial court's ruling, the court
did not abuse its discretion by finding that [Appellant's] confession was voluntary." Delao,
2006 Tex. App. LEXIS 9995, at *11. To reach this conclusion, the court of appeals
analyzed a number of issues, including: Appellant's diminished mental capacities; (3) the
coerciveness of the interrogation; (4) and Appellant's right to terminate the interview at will. (5) 
Importantly, the court of appeals determined that the statements made by Appellant during
the questioning, supposedly indicating his desire to end the questioning, were merely
reflective of his wish to have additional time to think, or were simply inquiries as to
whether he would be permitted to leave the police station if he confessed to the crime. See
id. at *10 (stating that "[a]t most, [Appellant's] statements are ambiguous as to his desire to
terminate the interview). The court of appeals agreed with the trial court that after
consideration of these factors, and despite Appellant's mental encumbrances, the totality of
the circumstances do not demonstrate that his confession was involuntarily given. Id. at
*10. Accordingly, the court of appeals declined to hold that the trial court abused its
discretion in declaring the Appellant's statements to be voluntary, and upheld the trial
court's decision to deny Appellant's motion to suppress evidence of the confession.

 Appellant filed a petition for discretionary review, asking us to determine whether
the voluntariness of a confession of a mentally retarded and mentally ill person can be
assessed under the same standard as that used for a person of normal mentality. Appellant
contends that the court of appeals erred in its analysis by gauging the voluntariness of his
confession as though he had the cognitive capacity of a normal person.DISCUSSION

 Standard of Review


 We have held that the trial court is the "sole and exclusive trier of fact and judge of
the credibility of the witnesses" and the evidence presented at a hearing on a motion to
suppress, (6) particularly where the motion is based on the voluntariness of a confession. (7) 
Additionally, given this vital role, great deference is accorded to the trial court's decision
to admit or exclude such evidence, which will be overturned on appeal only where a flagrant
abuse of discretion is shown. (8) In this case, therefore, we will not disturb the determination
of the court of appeals that the trial court did not abuse its discretion by admitting
Appellant's confession, provided that the court of appeals properly applied the appropriate
standard in arriving at this result. 

Totality of the Circumstances

 Article 38.21 of the Texas Code of Criminal Procedure provides that the statements
of a person accused of a crime "may be used in evidence against him if it appears that the
same w[ere] freely and voluntarily made without compulsion or persuasion." Tex. Crim.
Proc. Code Ann. § 38.21 (Vernon 2005). The United States Supreme Court has held that
the determination as to whether a confession was voluntarily rendered must be analyzed by
examining the totality of the circumstances. Arizona v. Fulminante, 499 U.S. 279, 285-86
(1991). While in Arizona v. Fulminante the Supreme Court affirmed that the totality-of-the-circumstances standard is applicable to confessions given by adults, the Court has also
extended this measure of review to encompass juveniles. See Fare v. Michael C., 442 U.S.
707, 725 (1979) (holding that the "totality-of-the-circumstances approach is adequate to
determine whether there has been a waiver even where interrogation of juveniles is
involved). In Fare, the Court explained that it could see no reason why any other standard
would be more appropriate, considering that "[t]he totality approach . . . mandates inquiry
into all the circumstances surrounding the interrogation[,] includ[ing] evaluation of the
juvenile's age, experience, education, background, and intelligence, and into whether he has
the capacity to understand the warnings given him." Fare, 442 U.S. at 725.

 In Texas, it is well established that confessions given by adults are to be evaluated
with the totality of the circumstances standard. (9) Following the Supreme Court's lead in
Fare, Texas courts have also recognized that the totality-of-the-circumstances standard is
sufficiently broad to cover juveniles who, because of their minority, lack of education,
lesser reasoning capacity, etc., may be more susceptible to persuasion or underhanded
interrogation tactics. See Griffin v. State, 765 S.W.2d 422, 427 (Tex. Crim. App. 1989)
(affirming the judgment of a trial court that a juvenile appellant's confession was voluntary
under the totality of the circumstances); In Interest of R. D., 627 S.W.2d 803, 807 (Tex.
App.--Tyler 1982, no writ) (analyzing a juvenile appellant's confession based on the
totality of the circumstances in which the statements were made). 

 Juveniles and individuals suffering from mental retardation or mental illness share
many of the same characteristics: both commonly have less education, experience, self-sufficiency, reasoning abilities, etc. than that of the average adult. Therefore, it seems
logical that a standard considered sufficiently all-encompassing to factor in the disabilities
of a confessing minor would also be the appropriate standard when the confessor is
mentally retarded or mentally ill. We have proceeded accordingly, concluding that an
accused's mentality is but one factor among many to consider when evaluating the
voluntariness of a confession. See Bizzarri, 492 S.W.2d at 946 (stating that while evidence
demonstrating an individual's diminished mentality would have some bearing on whether
her confession is admissible, it is merely a "fact . . . to be considered," but is not
conclusive of involuntariness). (10)

 In the case before us, the court of appeals reached the conclusion that Appellant's
confession was voluntarily rendered under the totality of the circumstances after reviewing
the entire record. Delao, 2006 Tex. App. LEXIS 9995, at *11. To form this opinion, the
court of appeals evaluated several factors which Appellant claims indicate that he did not
make the incriminating statements of his own free will. Specifically, the court of appeals
found that Appellant's "mental impairments are [not] of such great severity that he was
'incapable of understanding the meaning and effect of his confession'," based on the fact
that numerous other confessions by similarly situated persons have been deemed voluntary
by Texas courts. See generally Delao, 2006 Tex. App. LEXIS 9995 at *4-5 (recounting
several decisions of this Court and other Texas courts wherein the confession of a mentally
retarded person was held to have been voluntary). 

 The court of appeals also examined the record to investigate Appellant's contention
that his confession was involuntary because the interrogation was unduly coercive. The
court discussed a litany of factors relevant to this allegation, including: certain
misrepresentations made to Appellant by the investigating officer; the duration of the
interview; the fact that Appellant's MHMR counselor was permitted to be present in the
room during questioning; and the lack of any physical violence, and ultimately decided that
"the record lacks evidence that [Appellant's] will was overborne." Delao, 2006 Tex. App.
LEXIS 9995 at *8. 

 Finally, the court of appeals looked into Appellant's claim that his attempts to
exercise his constitutional rights to terminate the interview at will were ignored. 
Examining Appellant's recorded confession and the transcript of that interaction, among the
rest of the evidence and testimony present in the record, the court determined that the
statements made by Appellant during questioning, and upon which he is now relying, "more
accurately reflect a desire to have time to formulate answers or [pose] an inquiry as to
whether he would be allowed to go home if he confessed rather than [form] a request to
terminate the interview." Delao, 2006 Tex. App. LEXIS 9995 at *10.

 With all of these considerations taken together, the court of appeals followed
Bizzarri and affirmed the decision of the trial court. Bizzarri, 492 S.W.2d at 946 (holding
that "[w]hether [an] appellant had the mental competency or intelligence required to waive
[his] rights was for the court and jury" to determine.) In this instance, both the trial court
and the jury concluded that Appellant's confession was voluntary. (11) The court of appeals
confirmed that, under the totality of the circumstances, the statements were not made
against Appellant's will and, therefore, the trial court did not abuse its discretion in
admitting the evidence of Appellant's confession. 

 We are not being asked to determine whether Appellant's confession was voluntary. 
Rather, we decide only whether the totality of the circumstances standard of review for
evaluating the voluntariness of confessions applies equally to persons of all levels of
mental capacity. We conclude that it does. The totality of the circumstances standard has
been held to be sufficiently all-encompassing to protect the rights of juveniles and adults
alike, (12) taking into account such factors as intelligence, age, experience, education,
maturity, etc. Because a confessor's mental capabilities are but one factor to be evaluated
among many, this measure of voluntariness may be applicable to confessions made by
anyone, no matter what their IQ happens to be.

CONCLUSION

 We hold that the totality of the circumstances standard for assessing the
voluntariness of a confession given by a person of normal mentality is also the appropriate
standard to apply when a confession is made by someone suffering from mental retardation
and mental illness. Because the court of appeals included Appellant's mental disabilities
among the many factors it considered when analyzing the totality of the circumstances
surrounding Appellant's confession, we cannot say that the court of appeals applied an
inappropriate standard of review, nor that it erred in confirming that the confession was
voluntarily made. The decision of the court of appeals is affirmed. 

 Meyers, J. 

Delivered: September 26, 2007

Publish
1. "MHMR" refers to the Texas Department of Mental Health and Mental Retardation, which
ceased operations September 1, 2004. Services performed by MHMR are now offered by the Texas
Department of State Health Services and the Texas Department of Aging and Disability Services.
2. Appellant did not object at trial, and he does not complain on appeal, that the placement on
him of the burden to show involuntariness was inconsistent with Article 38.22, section 6, of the Code of
Criminal Procedure, which states that "the jury. . .shall be instructed that unless the jury believes
beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such
statement for any purpose nor any evidence obtained as a result thereof."
3. See Delao, 2006 Tex. App. LEXIS 9995, at *5 (determining that Appellant's mental
disabilities are not so severe that he could not comprehend the nature and significance of his
confession). 
4. See id. at *6-8 (finding that Detective Rozyskie's interrogation methods were not so coercive
as to overcome Appellant's free will).
5. See id. at *8-10 (noting that Appellant was not under arrest at the time of the interview and
deciding that he failed to unambiguously state that he desired to terminate the questioning).
6. Green v. State, 934 S.W.2d 92, 98 (Tex. Crim. App. 1996); Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990); Cannon v. State, 691 S.W.2d 664, 673 (Tex. Crim. App. 1985);
Dykes v. State, 657 S.W.2d 796, 797 (Tex. Crim. App. 1983); Hawkins v. State, 628 S.W.2d 71,
75 (Tex. Crim. App. 1982); Rumbaugh v. State, 629 S.W.2d 747, 752 (Tex. Crim. App. 1982);
Green v. State, 615 S.W.2d 700, 707 (Tex. Crim. App. 1981); Moon v. State, 607 S.W.2d 569,
570 (Tex. Crim. App. 1980); English v. State, 592 S.W.2d 949, 952 (Tex. Crim. App. 1980).
7. See Green, 934 S.W.2d at 98-99 (stating that, in the context of determining the voluntariness
of a confession, the trial court is the sole fact finder and may elect to "believe or disbelieve any or all" of
the evidence presented at a hearing on a motion to suppress); Alvarado v. State, 912 S.W.2d 199,
211 (Tex. Crim. App. 1995) (asserting that at a hearing on a motion to suppress a confession, "the trial
court is the sole judge of the weight and credibility of the evidence"); Bizzarri v. State, 492 S.W.2d
944, 946 (Tex. Crim. App. 1973) (contending that whether the accused "had the mental competency
or intelligence required to waive her rights," and thus whether her confession was voluntary, "was a
question for the court").
8. Montanez v. State, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997); Alvarado, 912 S.W.2d at 211.
9. See Creager v. State, 952 S.W.2d. 852, 855 (Tex. Crim. App. 1997) (contending that
"[v]oluntariness is decided by considering the totality of the circumstances under which the statement
was obtained"); Green, 934 S.W.2d at 99 (asserting that a confession will be rendered forced or
involuntary "if the totality of the circumstances demonstrates that the confessor did not make the
decision to confess of his own free will"); Kearney v. State, 181 S.W.3d 438, 444 (Tex.
App.--Waco 2005, pet. ref'd) (stating that "[v]oluntariness [of a confession] is determined by looking
at the totality of the circumstances").
10. See also Dollgener v. State, No. 10-01-363-CR, 2003 Tex. App. LEXIS 5163 at *1
(Tex. App.--Waco Jun. 18, 2003, pet. ref'd) (not designated for publication) (declaring that
"[e]vidence of mental retardation and mental impairment is a factor to be considered by the court in
determining from the totality of the circumstances whether the accused voluntarily and knowingly
waived his rights prior to confessing"); Harner v. State, 997 S.W.2d 695, 699 (Tex.
App.--Texarkana 1999, no pet.); Weatherford v. State, No. 12-00-00329-CR, 2002 WL 59336, at
*5 (Tex. App.--Tyler Jan. 9, 2002, no pet.) (not designated for publication). 
11. It is implied that the jury determined that Appellant's confession was voluntary, considering
their instruction from the trial court to wholly disregard his recorded statements if they believed "from
the evidence beyond a reasonable doubt that the statement made by the defendant, Isaiah Paul Delao,
to Detective John Rozyskie was not voluntarily made."
12. Fare v. Michael C., 442 U.S. at 725; Griffin, 765 S.W.2d at 427; In Interest of R. D.,
627 S.W.2d at 807.