**Affirmed and Opinion Filed December 2, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00167-CR

## MELVIN PIERRE JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 199-80626-2014

# MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Appellant confessed to having oral sex with a minor and was subsequently convicted of sexual assault of a child. In four issues, he now argues that (i) the evidence is insufficient to support his conviction, (ii) his statement was not voluntary under the United States Constitution or the Texas Code of Criminal Procedure, and (iii) the trial court erroneously refused to admit evidence concerning his mental incapacity.

We conclude, however, that the evidence is sufficient to support the conviction. The victim testified that she had sex with appellant, and this alone is sufficient. Moreover, appellant's challenges to the absence of physical evidence and the credibility of the victim do not render the evidence insufficient.

We further conclude that the trial court did not err in admitting appellant's statement. The totality of the circumstances show that appellant had sufficient mental capacity to waive his rights and there was no specific promise made to induce him to confess.

Finally, we conclude that the trial court did not abuse its discretion by excluding school records his mother kept because the records were hearsay and were not properly authenticated business records.

We thus affirm the trial court's judgment.

## I. Background

At the relevant time, JB was fifteen and appellant was in his forties. JB's friend arranged for JB to meet up with appellant, and implied that JB would be having sex for money.

Another man, Malik, picked JB up at her grandmother's house and drove her to appellant's house. Appellant asked JB to show him "how good [she] was at having sex," and took her to a back bedroom where they had sexual intercourse. Then, appellant called two other men to the bedroom and had JB perform oral sex on them. When another man came to the house, JB performed oral sex on him as well. Malik used his phone to video these assaults.

On another occasion, appellant texted JB while she was in school and asked her to come outside. JB snuck out, and appellant and his friends took her to appellant's house. There, JB had sex with appellant and three of his friends. JB further testified about another occasion when she had sex with appellant.

JB was later held in juvenile detention for running away. While there, she told Detective Chris Jones about the assaults.

Appellant was distraught because his father died a few days before his arrest.

While appellant and his mother, Patricia Pierre, were preparing to go to Louisiana for the funeral, his mother learned that there was a warrant for appellant's arrest. She took him to the

–2–

Collin County jail to surrender. There, appellant told her, "Mama, I have to get out. I have to go to my dad's service."

Jones arrested appellant, and questioned him after reading him his rights. The questioning was videotaped. Appellant told Jones that he was concerned about missing his father's funeral, to which Jones said, "We will see what we can do."

During the interview, appellant admitted that he and four other men had sex with JB, but claimed he only had oral sex.

Before trial, at appellant's request, the court ordered a mental evaluation. No evaluation, however, was admitted into evidence at trial.

Appellant moved to suppress his statement, arguing that he was unable to understand the warnings and knowingly and intelligently waive his rights due to his mental incapacity. He also argued that he had been coerced by Jones's promise that he could attend his father's funeral. The trial court carried the motion with the bench trial.

Jones and JB testified for the State, and appellant's mother testified for him. In general, she said that he had mental difficulties throughout his life.

When the evidence concluded, the trial court denied appellant's motion, found him guilty of sexual assault of a child, and sentenced him to twenty years imprisonment.

After this appeal was abated, the trial court made findings of fact and conclusions of law. The trial court concluded, among other things, that (i) appellant's statement was not coerced, (ii) the trial testimony did not show that appellant lacked the intellectual capacity to voluntarily and knowingly waive his rights, (iii) appellant knowingly, intelligently, and voluntarily waived his rights, and (iv) appellant's statement was voluntarily given.

## II. Analysis

**A. First Issue: Is the evidence sufficient to support the conviction?**

Appellant's first issue argues that the evidence was insufficient to support the trial court's judgment because there was no physical evidence, there was contradictory testimony, and the witness was not credible. We disagree.

### 1. Standard of Review and Applicable Law

When an appellant challenges the sufficiency of the evidence supporting a conviction, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard accounts for the factfinder's duty to resolve testimonial conflicts, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Therefore, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id*. Direct and circumstantial evidence are treated equally. *Id*.

A person commits the offense of sexual assault, as alleged here, if he intentionally or knowingly causes the sexual organ of a child to contact or penetrate the sexual organ of another person. TEX. PENAL CODE §22.011(a)(2). A child victim's testimony alone is sufficient to support a sexual assault conviction. *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

### 2. The Evidence

JB testified that appellant "put his penis in my vagina" during the first sexual encounter and that she had sex, not oral sex, with him at least three other times. Appellant nonetheless claims that the evidence is insufficient because there was no physical evidence of sexual assault.

–4–

Physical evidence, however, is not required when (as here) the complainant provides ample testimony to establish that a sexual assault occurred. *Bargas v. State*, 252 S.W.3d 876, 889 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Appellant also challenges inconsistencies in JB's testimony and claims she is not credible because she has been in and out of juvenile detention and uses drugs. But the factfinder resolved the conflicts and assessed the victim's credibility in this case. We may not re-evaluate the credibility and weight of this evidence on appeal. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Under these circumstances, the evidence is sufficient to support appellant's conviction.

**B.      Second and Third Issues:  Was appellant's statement voluntary?**

Appellant's second and third issues assert that his statement was not voluntary under the Fifth Amendment to the United States Constitution and article 38 of the Texas Code of Criminal Procedure because of his limited mental capacity and the detective promised to help him attend his father's funeral in exchange for his cooperation.[1]  As a result, appellant argues that the statement was inadmissible. We disagree.

**1.      Standard of Review and Applicable Law**

We review a trial court's refusal to suppress evidence for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). In reviewing the trial court's decision, we view the evidence in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's

---

[1] Appellant also argues that he was under duress because he was going to miss the funeral, and he was coerced because the reading of his rights was not intelligible, and the interview room was cold. Of all of appellant's complaints, only the mental incapacity and coercion by promise were raised in the court below. To preserve a complaint for appellate review, a party must present the trial court with a timely request, objection, or motion stating the specific grounds for the desired ruling if those grounds are not apparent from the context and must also obtain a ruling. TEX. R. APP. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). We therefore limit our consideration to the specific grounds raised below. Moreover, to the extent that the pending funeral, appellant's distress, and the temperature of the interview room are part of the totality of the circumstances to be considered in determining the issues that were raised, these factors do not alter our conclusion.

determination of historical facts, but review pure questions of law de novo. *Alford v. State,* 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). Likewise, we give almost total deference to a trial court's resolution of mixed questions of law and fact if those questions turn on the witnesses' credibility and demeanor. *Id.* However, if credibility and demeanor are not necessary to the resolve a mixed question of law and fact, we review the question de novo. *Id.* When the trial court makes fact findings on a motion to suppress, we must determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013).

In *Oursbourn v. State*, 259 S.W.3d 159, 170–72 (Tex. Crim. App. 2008), the court of criminal appeals explained that voluntariness for due process purposes and voluntariness under the code of criminal procedure are related but distinct issues. *See id.* Generally, a confession is involuntary under the Due Process Clause only when coercive conduct by the police—including subjecting an accused to threats, physical abuse, or extended periods of interrogation without rest or nourishment—is of such a nature that any statement obtained from the accused was likely not of his own free will. *See id.* at 170–71; *see also Contreras v. State,* 312 S.W.3d 566, 574 (Tex. Crim. App. 2010) (coercive misconduct makes confession involuntary if defendant's will has been overborne and his capacity for self-determination critically impaired).

By contrast, a confession is involuntary under the code of criminal procedure if it was not "freely and voluntarily made without compulsion or persuasion," regardless of whether the coercion or persuasion was the result of police overreaching. *See* TEX. CODE CRIM. PROC. ANN. art. 38.21; *Oursbourn*, 259 S.W.3d at 171–72. Furthermore, under article 38.22, section 6 of the code of criminal procedure, courts may consider factors such as the accused's youth, intoxication, mental retardation, or other disability in determining whether his statement was voluntary, even though these issues would be irrelevant to a federal due-process claim.

*Oursbour*n, 259 S.W.3d at 172–73. Because this case does not involve a prolonged interrogation, threats, or physical abuse of the nature prohibited by the Due Process Clause, we confine our inquiry to article 38. *Id.* at 171.

Article 38 provides that the statement of an accused may be used in evidence against him provided it was "freely and voluntarily made without compulsion or persuasion." TEX. CODE CRIM. PROC. art. 38.21. Determining whether a statement is voluntary involves an examination of the totality of the circumstances surrounding its acquisition. *See Delao v. State*, 235 S.W.3d 235, 239 (Tex. Crim. App. 2007); *Wyatt v. State*, 23 S.W.3d 18, 23 (Tex. Crim. App. 2000). An accused's mental disability is relevant to consider, but it is not conclusive of involuntariness. *See Bizzarri v. State*, 492 S.W.2d 944, 946 (Tex. Crim. App. 1973); *Delao,* 235 S.W.3d at 241.

**2.  Appellant's  Mental Capacity**

Appellant insists that he lacked the mental capacity to understand and waive his rights. To that end, he relies on his mother's testimony that he has had mental difficulties his entire life. In elementary school, appellant was unable to focus and complete his work, and was described as a "slow learner." His mother also said that he "really couldn't do anything without his dad," and depended on him to handle almost every aspect of his life.

The trial court, however, found that appellant did not ask any questions seeking to clarify the *Miranda* warnings, and appeared to understand the questions he was asked. Appellant's answers made sense, and his statements were coherent, logical, and responsive, and he was able to describe the incident with specific details. The court also found that "the facts of the offense, particularly appellant's leadership role in organizing the accomplices and instigating the crime indicate that appellant had sufficient intellectual capacity to waive his *Miranda* rights."

The court also found that appellant's mother gave no evidence concerning appellant's mental capabilities as an adult, and her testimony was not sufficient to contradict the conclusion that he had sufficient mental capacity to waive his rights.

Moreover, the court found that despite having ordered a mental evaluation, no evaluation was admitted into evidence, "leading the court to conclude that no concerns of competency or mental limitations were raised during the evaluation."

Having reviewed the record, including appellant's interview, we conclude that the record supports the trial court's findings. Nothing in the interview suggests that appellant was unable to knowingly waive his rights or that he did not understand the questions. He freely and voluntarily supplied details concerning the crime, and admitted that he had oral sex with the victim. These statements were made "without compulsion or persuasion." *See* TEX. CODE CRIM. PROC. art. 38.21.

### 3. Coercion

Appellant also asserts that he was coerced because Jones impliedly promised to help him attend his father's funeral in exchange for cooperation. We disagree.

Law enforcement officers may not make false promises to elicit confessions. *See Smart v. State*, 05-05-00221-CR, 2006 WL 1753071, at *3 (Tex. App.—Dallas June 28, 2006, no pet.) (mem. op.). For a promise to render a confession invalid under article 38.21, however, the promise must have been positive, made or sanctioned by someone in authority, and of such an influential nature that it would cause a defendant to speak untruthfully. *Martinez v. State*, 127 S.W.3d 792, 794 (Tex. Crim. App. 2004); *see also Coleman v. State*, 440 S.W.3d 218, 223 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The truth or falsity of the statement is immaterial; the question is whether the promise likely would induce a false confession. *Coleman*, 440 S.W.3d at 223.

Generally, unspecific offers to help are not likely to induce one to make an untruthful statement and will not invalidate a confession. *Id*. (*citing Dykes v. State*, 657 S.W.2d 796, 797 (Tex. Crim. App. 1983). Similarly, general statements that a confession may result in leniency do not render a confession involuntary. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993).

When the questioning began, appellant expressed concern about attending his father's funeral, and Jones said, "We will see what we can do." Jones testified that he was aware that appellant was concerned about the funeral, but he did not promise that he would let appellant out of jail to attend if he spoke with him. The trial court found that Jones did not use appellant's desire to attend the funeral to influence him, and there was no coercion in obtaining his statement. The court further found that Jones was credible and his statement were believable. The record supports these findings.

The interview video shows that Jones's statement was vague, not positive, direct, or unequivocal. Tellingly, appellant describes it as an "implied promise." But something more concrete is required. *See Martinez*, 127 S.W.3d at 794. Moreover, nothing suggests that this statement was so influential as to cause appellant to speak untruthfully.

Thus, under the totality of the circumstances, we conclude that neither appellant's mental capacity nor coercion by promise rendered appellant's statement involuntary, and thus the trial court did not err in denying the motion to suppress. We resolve appellant's second and third issues against him.

## C. Fourth Issue: Did the trial court err by excluding evidence?

During trial, appellant attempted to admit a collection of documents into evidence as Defense Exhibit 1. The exhibit included (i) a letter written by appellant's father describing appellant's mental disabilities in an attempt to obtain social security benefits and (ii) appellant's

school evaluations. The school evaluations, from when appellant was eleven and thirteen years old, say that he was a slow learner and "mildly mentally retarded" in his verbal aptitude. The letter from appellant's father states, among other things, that appellant (i) was in special education classes throughout school, (ii) has attention deficit syndrome, (iii) has had and lost over thirty four jobs, and (iv) is unable to perform basic tasks such as banking or shopping.

The trial court sustained the State's hearsay, lack of foundation, and improper predicate objections. Appellant's fourth issue argues that this was error because the exhibit was admissible as a "regularly conducted activity" under TEX. R. EVID. 803(6). We disagree.

### 1. Standard of Review and Applicable Law

We review the trial court's decision to admit evidence for an abuse of discretion. S*ee Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).

Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. *Se*e TEX. R. EVID. 801(d). Although hearsay statements are generally inadmissible, *see* TEX. R. EVID 802, there are exceptions to this general rule. TEX. R. EVID 803. One such exception, commonly referred to as the "business records exception," provides for admitting records of regularly conducted business activities. TEX. R. EVID 803(6).

"Records of regularly conducted business activities" include:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit that complies with Rule 902(10), unless the source of information or the method or circumstances of

–10–

> preparation indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.

*Id.*

Therefore, otherwise hearsay records are admissible under Rule 803(6) if these foundational requirements are met: (1) the records were made and kept in the course of a regularly conducted business activity; (2) it was the regular practice of that business activity to make the records; (3) the records were made at or near the time of the event being recorded; and (4) the person making the records or submitting the information had personal knowledge of the events being recorded. *See id*; *Johnston v. State*, 959 S.W.2d 230, 238 (Tex. App.—Dallas 1997, no pet.).

But, "[w]hen a business receives information from a person who is outside the business and who has no business duty to report or to report accurately, those statements are not covered by the business records exception." *Garcia v. State*, 126 S.W.3d 921, 926 (Tex. Crim. App. 2004).

A business record may contain hearsay statements, known as "hearsay within hearsay." The document's proponent must establish that the multiple hearsay statements are independently admissible. *See* TEX. R. EVID. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."); *Sanchez v. State,* 354 S.W.3d 476, 485–86 (Tex. Crim. App. 2011) ("When hearsay contains hearsay, the Rules of Evidence require that each part of the combined statements be within an exception to the hearsay rule.").

### 2. Was the exhibit a business record?

Appellant maintains that the evidence meets the business records exception because his mother kept the records as part of her unpaid business as a homemaker. We disagree.

Assuming that appellant's mother was engaged in a business activity, appellant still did not establish that the records fit the business records exception. First, he did not show that the father's letters were business records made at or near the time of the event being recorded, or that the multiple levels of hearsay were each independently admissible. Second, he did not show that his mother was qualified to authenticate the school records. *See In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (witness does not need personal knowledge of the information in the document but she does need to know how the records were prepared). Thus, the trial court did not abuse its discretion.

We thus resolve appellant's fourth issue against him.

### III. Conclusion

Having resolved all of appellant's issues against him, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150167F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MELVIN PIERRE JR., Appellant

No. 05-15-00167-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-80626-2014.
Opinion delivered by Justice Whitehill.
Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 2, 2016.